## STRATTON *v.* UPTON.

Under the recent legislation of the State, authorizing parties to testify in certain cases, a party, who offers himself, and is received as a witness in his own behalf, so far retains the character of a party that it is error for him to tax witness fees for his own travel and attendance, in the bill of cost which he may recover.

Only the statute compensation can lawfully be charged for copies in cases transferred by appeal from the decision of justices of the peace to the court of Common Pleas.

It is in the discretion of the court to limit costs in writs of error ; and this dis-

cretion will be exercised, when it appears that, immediately upon the service of the *scire facias,* the defendant in error remitted, upon the unsatisfied execution for the costs, in taxing which the alleged errors occurred, a larger sum than the whole amount of the erroneous taxation.

ERROR, to reverse a judgment of the Court of Common Pleas for this county, rendered January term, 1858, in favor of the defendant in error, upon appeal from the decision of a justice of the peace for this county. The errors assigned were, that, in the bill of costs in the court below, the sum of $1.25 had been taxed for one day's attendance of the defendant in error, as a witness for himself, under the provisions of the recent statute, and more than the statute compensation of twelve and a half cents per legal page of two hundred and twenty-four words, had been charged for the copies of the case furnished by the justice. It appeared that immediately upon the service of the said *scire facias* in this case, the defendant in error had remitted, upon the unsatisfied execution recovered by him, a larger sum than the whole amount of the alleged erroneous taxation of costs complained of by the plaintiff in error.

*Louis Bell,* for the plaintiff in error.

*S. Upton,* for the defendant in error.

FOWLER, J. In *Fowler* v. *Tuttle,* 24 N. H. (4 Foster) 9, it was determined that, in estimating the number of pages of the copy of a case for which the magistrate is entitled to compensation, the whole number of words in the entire copy is to be ascertained, and that number is to be divided by 224, the number of words in a legal page. Tested by this standard, it is quite apparent that too large a sum has been taxed for copies in the present case.

In regard to the charge in the bill of costs of $1.25 for one day's attendance of the defendant in error as a witness for himself, under the provisions of the act of June 27, 1857, although the statute in terms makes the party a competent witness, yet

Stratton *v.* Upton.

we think that where he offers himself, and is received to testify in his own behalf, he so far retains the character of a party that he ought not to tax or receive fees as a witness. So far as our knowledge extends, it is never customary for a party who testifies to entries in his book of accounts, to tax for ,his attendance as a witness, even although he may have been made a witness in chief by the course of the cross-examination. We can see no reason why a party should tax fees as a witness in the former case, and not in the latter ; and it seems to us decidedly better and more correct that he should not do so in either case. If such fees are to be taxed at all, it would be very difficult to determine for what length of attendance they should be taxed, and we think a variety of troublesome and perplexing questions will be avoided, and a more equitable result be attained, by establishing the general rule, that a party, who offers himself and is admitted as a witness in his own behalf, under the recent act of the legislature, is not entitled to fees as a witness.

With these views, the former judgment is evidently erroneous, and must be reversed, and a new judgment for the amount of the costs, as corrected, be entered. But, as the defendant in error has collected no part of the erroneous judgment, there is no occasion for any writ of restitution. Moreover, as it appears that, immediately upon the service of the *scire facias*, the defendant in error remitted, upon his unsatisfied execution for the costs, in the taxation of which the errors complained of occurred, a sum considerably larger than the whole amount of those errors, we have no hesitation, in the exercise of the discretion conferred upon us, by the statute, [Rev. Stat., chap. 191, sec. 7 ; Comp. Laws 493, sec 7,] in limiting the costs to be recovered by the plaintiff in error to a nominal sum, in accordance with the motion of the defendant in error to that effect.

*Judgment reversed, with nominal costs.*